[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION IN RESPONSE TO MOTION # 259, 259.10
On August 30, 1993, the Foreclosure Short Calendar printed motions numbered 256, Objection to Motion, 257, Objection, and 257.10 Motion for Stay. These motions appeared in a one-motion format entitled "Objection / Motion to Stay / Delay (a) / Strike from Trial List (b) / Default / Dismiss (c)." Although the pleading itself indicated that oral argument was not requested, the matters were designated as arguable.
The pleading was submitted apparently on two different dates so that on August 16 it was marked # 256 and on August 18, #s 257, 257.10, 257.20 and 257.30. Through inadvertence these numbers were separated onto two different calendars. This court, however, decided all the motions at the same time, unaware that they had been divided, and denied them without prejudice.
This court denied the Motion to Stay/Delay and the Motion to CT Page 8493 Strike from the Trial List after reviewing the copies of correspondence between the defendant and the United States Supreme Court. This court indicated that the motion for stay could be renewed if the Supreme Court granted affirmative relief to the defendants.
The Motion for Default ("for not disclosing") was denied without prejudice, in part, for the foregoing reason, as well as for the fact that the pleading suggested a ruling by Judge Stodolink on the same point. If that were the case, the defendant did not present argument regarding what he sought to be disclosed, the steps he had taken to discover that which had not been disclosed, the extent to which compliance, if any, had occurred and any reasons for the court to reconsider the issue of disclosure.
For the foregoing reasons, the Motion to Dismiss "if party not disclosing is plaintiff" was also denied without prejudice.
In the future, it might be better practice for the defendant to argue one issue per pleading so as to avoid the confusion that resulted from the multi-purpose pleading of August 12, 1993. Separating each issue would assist the court as well as the defendant in focusing on the gravamen of each.
Leheny, J.
OBJECTION / MOTION to Stay / DELAY (a) / Strike from TRIAL List (b) / Default / Dismiss (c)
Note a, b, c:
Background —
Plaintiff Frank claimed for the trial list though refusing to disclose anything herein but his name and address. Additionally though incorporated herein as a part of the complaint, the putative chattell "mortgage" was never served on the under signed NOR ever disclosed. So that is was/is simply fraudulent to claim this case ready for trial when refusing to disclose anything but name and address and even the document putatively sued upon. And note that the Court below (J. Stodolink approved such complete lack of disclosure (and fraud by never serving nor disclosing the document sued upon) along with both the Conn. Appellate Court and the Conn. Supreme Court approved this. CT Page 8494 This pitiful intentional denial of due process and intentional obstruction of justice is currently under review via Petition for Writ of Mandamus in the U.S. Supreme Court. Additionally, and even more horribly a denial of due process is that the plaintiff Frank at the putative closing for note sued upon refused to disclose at all any of the papers now sued upon (note and "chattel" mortgage). (see file)
ORAL ARGUMENT IS NOT REQUESTED
So that movants move for stay/delay-striking from trial* list. MEMO OF LAW Ref. CPB 282, 4046, 4048. . . . re stirking [striking] from trial list, stays CPB 231 re-default (for not disclosing) (231-a) and dismissal — judgment of dismissal — 231-e if party not disclosing is plaintiff. See also Conn v. Doehr (1991) 115 L.Ed.2d 1.
 #LEON E. COOPER — PRO SE #MARY P. COOPER — PRO SE #210 Sasco Hill Road, Fairfield, Ct 06430 203-255-1136
CERTIFICATION OF SERVICE
LEON E. COOPER and MARY P. COOPER — Pro Se hereby service on the parties below via first class mail mailed this August 12, 1993 . . . of the foregoing
LEON E. COOPER-PRO SE MARY P. COOPER-PRO SE
The following are parties in this litigation:
Ken Mary Wood 2 Jo Ann Circle Westport, CT 06880
Franklin L. Frank: Re: Yale Univ Med School/office Kevin Burns, Esq. of Professional Services Owen Schine Nicola Donahue Sue Casey, Esq. 799 Silver Lane Tobin Levine et al Trumbull, Ct. 06611 770 Orange Street 203-375-0600 New Haven, CT 06510 203-777-8899
Re: Bridgeport Hospital: CT Page 8495 Ms. Madonna A. Sacco, Esq. Bai Pollock et al 10 Middle Street Bridgeport, Ct 06604 203-366-7991
Re: Citibank South Dakota, NA: Margaret M. Wynne, Esq. c/o Whitman Ranson Two Greenwich Plaza PO Box 2250 Greenwich, CT 06836-2250 203-869/3800
Re: State of Connecticut/Dept of Revenue Services: Thomas R. Ventre, AAG Attorney General's Office 55 Elm Street — 5th Floor Hartford, CT 06106 203-566-7014
Re: Jordan Fox: Irwin Gordon, Esq. 4154 Madison Avenue Trumbull, CT 06611 203-374-3333
MOTION FOR ARTICULATION/RECONSIDERATION
BACKGROUND*
On the August 30, 1993 calendar there appeared the following Motions 256, 257 257.10 which were denied by J. Leheny. See attached copy of Calendar and J. Leheny handwritten ruling. On the following calendar, those motions repeated (Motions 256, 257, and 257.10) but were marked off as already ruled upon by movant-Leon E. Mary P. Cooper. But also on this September 7 calendar was Motion 257.20 indicated as arguable and marked ready while the September calendar also included Motion 257.30 indicated as NA which it was noted for the voice tape should be taken as a normal N/A. On September 7, 1993 (after earlier calling other parties) Defendants appeared to argue the Motion marked as ready No. 257.20. There were no opposing parties but as Del. Leon E. Cooper attempted to have No. 257.20 be taken on the papers. Clerk David C. Bristol argued that the Motion No. 257.20 ( No. 257.30) were already denied CT Page 8496 by J. Leheny though never printed. So J. Vertefeuille ruled that this Motion to Articulate should be brought.
In the interim, Defs re-claimed Motions No. 257.20 257.30 as they had never been printed and certainly had never been ruled upon. That re-claim slip was strangely returned.
Legal Memo — CPB Sec 206 requires that motions such No. 257.20 257.30 be noticed on the Short Calendar before decision. So that it J. Leheny could not have ruled upon them. Similarly the due appearance a week later of these same motions required the Court to entertain them.
See CPB secs. 206-211 esp 20209.
The argument by Clerk David Bristol that J. Leheny had already ruled on these Motions (*never printed on any calendar at that point) being not merely a technical error but an intentional obstruction of justice. That is the Motions No. 257.20 dealt with striking from the trial list due to obstruction of justice (court ordering trial when the Plaintiff refused to disclose anything at all). So that the Motion never being heard and being struck off as denied when it deals with obstruction of justice is intentional obstruction of justice.
Similarly indicating that J. Leheny denied the Motion No. 257.30 which dealt with dismissing the plaintiff's case for his refusal to disclose at all.
And while bizarre for a clerk to attempt to here put on the "hat" for plaintiff's atty and argue for him who was not present, it has its clear causative background — Throughout this case, over and over pleadings of defendants are near calendared even though filed and time stamped. And over and over the file is missing in part or in whole and repeatedly manipulated. Here right before meeting a J. Ballen request to appear for a status conference, these properly calendared motions would have dealt with these substantive issues — of the Plaintiff refusing ever to disclose at all, of the current pending Appeal on such issues with the U.S. Supreme Court. ETC. But instead of being heard, the clerk attempts to railroad the case. AS this is the umpteenth time this has occurred, the Defendants request not only that Motions Nos. 257.20 257.30 be heard and actually considered but also that the parties responsible for this attempted railroad after due hearing be removed from office.
And we so move, CT Page 8497
Mary P. Cooper
Leon E. Cooper
210 Sasco Hill Rd. Fairfield, Ct 06430 203-255-1136
FRANK FRANKLIN vs. COOPER LEON CV-90-0267915-S(HIT)
DATE SEPTEMBER 2, 1993 BRIDGEPORT, CONN. 15600/15700/15710 OBJECTION/MOTION TO STAY/DELAY (A) STRIKE FROM TRAIL [TRIAL] LIST (B) DEFAULT/DISMISSAL (C) DATED AUGUST 12, 1993. ORDERED DENIED WITHOUT PREJUDICE, DEFENDANTS MAY RENEW REQUEST FOR STAY IF U S SUPREME COURT GRANTS A STAY OR ANY AFFIRMATIVE RELIEF TO THE DEFENDANTS.
BY THE COURT (LEHENY, J.) DAVID C. BRISTOL, ASST CLERK
LEON E COOPER SUPERIOR COURT 210 SASCO HILL ROAD 1061 MAIN STREET FAIRFIELD, CT P. O. BOX 110 06430 BRIDGEPORT, CONNECTICUT 06601
DATED SEP 03, 1993 FBT
August 21, 1993
Leon E. Mary P. Cooper 210 Sasco Hill Road Fairfield, CT 06430
Clerk Superior Court 1061 Main Street Bridgeport, CT 06604
 Ref.: CV 90- 026 7915 Franklin L. Frank v. CT Page 8498 Leon E. Cooper et al
Dear Clerk:
The attached notice from the U.S. Supreme Court relates that as of August 16, 1993 this case is pending in the U.S. Supreme Court with Case No. 93-5636.
See copy of Petition for Writ of Mandamus (in the U.S. Supreme Court) that also filed in this case in this Court — see file.
Mary P. Cooper
Leon E. Cooper
 SUPREME COURT OF THE UNITED STATES OFFICE OF THE CLERK WASHINGTON. D.C. 20543
August 19, 1993
Leon E. Cooper Sasco Hill Road Fairfield, CT 06430
Re: In Re Leon E. Cooper, et ux., No. 93-5636
Dear Mr. Cooper:
The petition for a writ of mandamus in the above entitled case was docketed in this Court on August 16, 1993 as No. 93-5636.
A form is enclosed for notifying opposing counsel that the case was docketed.
Unless you have already done so, please promptly serve opposing counsel with a copy of your petition and forward proof of service to this office pursuant to Rule 29.5.
Very truly yours,
William K. Suter, Clerk CT Page 8499 by Melissa B. Henry Assistant
Enclosures
233-50 DFD BRIEF 11-17-92
234-00 DFD MOTION FOR JUDGMENT 12-01-92 12-08-92
235-00 DFD MOTION FOR JUDGMENT 12-01-92 12-08-92
236-00 DFD APPEAL TO APPELLATE COURT 12-10-92
237-00 DFD MOTION FOR INJUNCTION 12-14-92 12-21-92
238-00 DFD MOTION TO DISMISS 12-16-92 12-31-92
239-00 DFD BRIEF 12-16-92
240-00 DFD MOTION FOR DEFAULT FOR FAILURE TO 12-01-92 COMPLY WITH ORDER GRNTD 12-31-92 BY THE COURT
241-00 DFD MOTION FOR DEFAULT FOR FAILURE TO 12-01-92 COMPLY WITH ORDER DEND 12-31-92 BY THE COURT
242-00 DFD BRIEF 01-04-93
243-00 DFD BRIEF 01-04-93 CT Page 8500
244-00 DFD OBJECTION TO MOTION TO DISMISS 01-04-93 01-11-93
245-00 DFD BRIEF 01-11-93
246-00 DFD OBJECTION TO MOTION TO DISMISS 01-04-93 01-11-93
25600, 25700, 25710 ON 07-02-93 Leheny, J.
CV KEY POINT STATUS IN TERMED APPEAL 90 BRIDGEPORT SUPERIOR 01/14/93 DN HIT 026 79 15 S FRANK FRANKLIN v. COOPER LEON ET AL JA-0003A
CERTIFICATION OF SERVICE
Mary P. Cooper and Leon E. Cooper hereby certify service of the foregoing upon counsel/parties of record via first class mail mailed to the parties as shown below this.
Re: Bridgeport Hospital: Ms. Madonna A. Sacco, Esq. Ken Mary Wood Bai Pollock et al 2 Jo Ann Circle 10 Middle Street Westport, CT 06880 Bridgeport, Ct 06604 203-366-7991
Re: Citibank South Dakota, NA Re: State of Connecticut/Dept Arthur Salvin, Esq. of Revenue Services: Salvin Salvin et al Thomas R. Ventre, AAG 259 Danbury Road Attorney General's Office Wilton, CT 06987 Box 120 203-762-5534 Hartford, CT 06106 203-566-7014
Re: Franklin L. Frank: Kevin Burns, Esq. Owen Schine Nicola Donahue 799 Silver Lane Trumbull, Ct 06611 203-375-0600 CT Page 8501
Re: Jordan Fox: Irwin Gordon, Esq. 4154 Madison Avenue Trumbull, CT 06611 203-374-3333
And we so Certify:
 Mary P. Cooper-Pro Se Leon E. Cooper-Pro Se 210 Sasco Hill Road, Fairfield, Ct 06430 203-255-1136